UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AHAJI AMOS and KIRK AMOS DELIVERY AND COURIER, LLC

Plaintiffs,

v.

AMAZON LOGISTICS, INC.,

Defendant.

CASE NO. 1:22-cv-00055

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR COMPEL ARBITRATION PURSUANT TO FED. R. CIV. P. RULE 12(b)(3)

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................ 1

II. REPLY TO PLAINTIFFS' STATEMENT OF FACTS ................... 2

III. ARGUMENT ........................................................................... 3

  A. Plaintiffs Agreed to Arbitrate their Claims. ................................. 3

  B. The Arbitration Agreement Is Enforceable. .................................. 4

    1. The 2019 Agreement Includes the Arbitration Provision. ........................................................................ 4

    2. The Agreement Is Not Unconscionable. ............................... 7

  C. The Agreement Is Subject to Arbitration Under Washington Law and Delegates Arbitrability of Disputes to the Arbitrator. ........... 8

    1. The Agreement Provides for Arbitration Under Washington Law. .................................................................. 8

    2. Plaintiffs' Allegations of "Employment" Do Not Preclude Arbitration. ......................................................... 10

    3. The Arbitration Agreement Reserves Questions of Arbitrability for the Arbitrator. ......................................... 11

  D. The Transportation Worker Exemption Does Not Apply. ........... 12

IV. CONCLUSION ....................................................................... 15

## TABLE OF AUTHORITIES

### Cases

*Bier v. Good Chevrolet, Inc.*,
200 Wash. App. 1027 (2017) .......... 10
*Brooks v. Robert Larson Auto. Grp., Inc.*,
2009 WL 2853452 (W.D. Wash. Sept. 1, 2009) .......... 10
*Burnett v. Pagliacci Pizza, Inc.*,
196 Wash.2d 38, 470 P.3d 486 (2020) .......... 5, 6
*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001) .......... 12
*David Terry Investments, LLC-PRC v. Headwaters Development Group LLC*,
13 Wash. App. 2d 159, 463 P.3d 117 (2020) .......... 12
*Harper v. Amazon.com Servs., Inc.*,
12 F.4th 287 (3d Cir. 2021) .......... 8
*Hauenstein v. Softwrap Ltd.*,
2007 WL 2404624 (W.D. Wash. Aug. 17, 2007) .......... 5
*Healy v. Seattle Rugby, LLC*,
15 Wash. App. 2d 539, 476 P.3d 583 (2020) .......... 10
*Hearst Commc'ns, Inc. v. Seattle Times Co.*,
154 Wash.2d 493, 115 P.3d 262 (2005) .......... 8
*Meier v. Stevens*,
17 Wash. App. 2d 1032 (2021) .......... 6
*Nelson v. McGoldrick*,
127 Wash.2d 124, 896 P.2d 1258 (1995) .......... 7
*Oracle Am., Inc. v. Myriad Grp. A.G.*,
724 F.3d 1069 (9th Cir. 2013) .......... 11
*Palcko v. Airborne Express*,
372 F.3d 588 (3d Cir. 2004) .......... 9, 11
*Philips v. Pitt Cty. Mem'l Hosp.*,
572 F.3d 176 (4th Cir. 2009) .......... 2
*Plaintiffs' claims. See Albaugh v. Perma-Bound*,
2009 WL 10676437 (W.D. Wash. Aug. 14, 2009) .......... 6
*R&C Oilfield Servs., LLC v. Am. Wind Transp. Grp., LLC*
447 F. Supp. 3d 339 (W.D. Pa. 2020) .......... 13, 14
*Riensche v. Cingular Wireless, LLC*,
2006 WL 3827477 (W.D. Wash. Dec. 27, 2006) .......... 5
*Rittmann v. Amazon.com, Inc.*,
971 F.3d 904 (9th Cir. 2020) .......... 9

*Romero v. Watkins & Shepard Trucking, Inc.*,
No. EDCV 19-2158 PSG(KKx), 2020 WL 5775180 (C.D. Cal. July 10, 2020) 9
*Snohomish Cty. Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*,
173 Wash.2d 829, 271 P.3d 850 (2012) ........ 8
*State v. Mitchell*,
169 Wash.2d 437, 237 P.3d 282 (2010) ........ 10
*Sw. Airlines Co. v. Saxon*,
993 F.3d 492 (7th Cir. 2021) ........ 13
*Torgerson v. One Lincoln Tower, LLC*,
166 Wash.2d 510, 210 P.3d 318 (2009) ........ 7
*Valdes v. Swift Transp. Co.*,
292 F. Supp. 2d 524 (S.D.N.Y. 2003) ........ 9
*Waithaka v. Amazon.com, Inc.*,
966 F.3d 10 (1st Cir. 2020), 966 F.3d 10 (1st Cir. 2020), *cert. denied*,
141 S. Ct. 2794, 210 L. Ed. 2d 928 (2021), *reh'g denied*,
141 S. Ct. 2886, 210 L. Ed. 2d 1001 (2021) ........ 9
*Wallace v. Grubhub Holdings, Inc.*,
970 F.3d 798 (7th Cir. 2020) ........ 13
*Woolley v. El Toro.com*,
2021 WL 1788526 (Wash. App. Div. 1 May 3, 2021) ........ 11
*Zuver v. Airtouch Commc'ns, Inc.*,
153 Wash.2d 293, 103 P.3d 753 (2004) ........ 6

**Statutes**

9 U.S.C. §1 ........ 12
RCW 7.04A.030(4) ........ 10

**Rules**

Fed. R. Civ. P. Rule 12(b)(3) ........ 16
Rule 12 ........ 2

## I. INTRODUCTION

Kirk Amos Delivery and Courier, LLC ("KIRK")—a business entity—entered a commercial contract with Amazon governing the terms by which KIRK and its hundreds of employees provided delivery services to Amazon. KIRK and its owner, Ahaji Amos, admit that KIRK executed an enforceable contract in May 2019 (the "Agreement"). Compl., ¶¶27, 216. The Agreement includes a broadly worded arbitration clause requiring that "ANY DISPUTE ARISING OUT OF THIS AGREEMENT WILL BE RESOLVED BY BINDING ARBITRATION." Plaintiffs mistakenly argue this clause was unique to an updated version of the Agreement. Yet, the contract Plaintiffs admit is binding contains the same clause.

**Plaintiffs cannot avoid arbitration under Washington law.** Plaintiffs agree the arbitration clause is subject to Washington law. The Agreement is a commercial contract between businesses, not an employment agreement. Even if a business could be construed as an "employee," Plaintiffs would be required to arbitrate their claims. Indeed, Washington's enactment of the Uniform Arbitration Act does not bar arbitration between employers and employees.

**The parties agreed to delegate issues of arbitrability to the arbitrator by incorporation of the AAA rules**. Thus, once the court finds that there is an enforceable agreement to arbitrate under Washington law, it must delegate the scope of that agreement to the arbitrator.

**The transportation worker exemption is not applicable.** Because the Agreement is subject to arbitration under Washington law, this Court need not decide whether the transportation worker exemption precludes arbitration of Plaintiffs' claims under the FAA. If the Court were to reach the issue, it would readily conclude that the Agreement is beyond the exemption's narrow scope. The exemption has never been found to bar arbitration of claims between business entities.

## II. REPLY TO PLAINTIFFS' STATEMENT OF FACTS

Most of the "facts" in Plaintiffs' response are not relevant to this motion. Indeed, many of Plaintiffs' allegations are not well-pleaded facts, but baseless conjecture about Amazon's motives. Amos's declaration endorsing allegations on which she lacks foundation does not cure this defect. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (On a Rule 12 motion "the court need not accept as true...unwarranted inferences, unreasonable conclusions, or arguments").

As relevant to this motion, Plaintiffs confirm that KIRK was a sophisticated entity. They admit KIRK employed approximately 450 drivers and that the enterprise was so successful that it received an unsolicited offer of "more than" $1,000,000 from a third party to buy it. *Id.*, ¶¶156, 174.

The Agreement is directed to services furnished by this sophisticated, attorney-owned business. By its plain terms, it "governs the transportation,

delivery, and related services performed by the business entity that you represent ["your company"]." Supp. McCabe Decl., Ex. 1 at 1 ("2019 Agreement"). The Agreement also makes clear that, unlike in an employee-employer relationship, it is KIRK's sole decision whether to accept work from Amazon. *Id.*, §4(c).

## III. ARGUMENT

### A. Plaintiffs Agreed to Arbitrate their Claims.

Plaintiffs admit that Amos executed the Agreement on KIRK's behalf in May 2019. Compl., ¶27. The Agreement requires arbitration of "ANY DISPUTE ARISING OUT OF THIS AGREEMENT." 2019 Agreement, §13.

The 2019 Agreement allowed Amazon to modify its terms after notice. KIRK could accept the terms by continuing to perform services, or opt out of any revisions by ceasing to perform services. *Id.* §14. In 2020, Amazon exercised its right of modification and Amos accepted the revised terms by "continu[ing] to perform services after the effective date." *Id.* Amazon submitted the modified Agreement (the "2020 Agreement") with its motion, as it was the operative contract at the time KIRK exited the program.

Plaintiffs' arguments concerning the 2020 Agreement are a red herring: the arbitration terms did not change. *Compare* 2019 Agreement §13 *with* 2020 Agreement §13. **Kirk's obligation to arbitrate is identical under both agreements.**

## B. The Arbitration Agreement Is Enforceable.

Plaintiffs argue that the very contract they sue to enforce is unenforceable or, alternatively, unconscionable, as concerns the emphatically worded arbitration clause. They are wrong.

### 1. The 2019 Agreement Includes the Arbitration Provision.

Plaintiffs concede that the Agreement Amos executed when she elected to have KIRK enter a business relationship with Amazon is valid and enforceable. Mutual assent to arbitration cannot be disputed. Amos, an experienced attorney, agreed on KIRK's behalf to a contract that included a clear arbitration clause mandating arbitration of "ANY DISPUTE ARISING OUT OF THIS AGREEMENT." 2019 Agreement, §13. Indeed, KIRK twice agreed to arbitrate—by executing the 2019 Agreement and in continuing to perform services under the 2020 Agreement with its identical arbitration clause. *Id.*, 2020 Agreement, §13.

Plaintiffs do not challenge the enforceability of the 2019 Agreement. Nor could they. Amos's admitted execution on KIRK's behalf provides the manifestation of assent necessary to form a contract under Washington law. *Burnett v. Pagliacci Pizza, Inc.*, 196 Wash.2d 38, 49, 470 P.3d 486 (2020). That Amos's signature was electronic does not change the conclusion. Under Washington law, contracts formed online by clicking a button are enforceable. *See, e.g.*, *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2-3, 6 (W.D.

Wash. Aug. 17, 2007) (enforcing arbitration agreement because plaintiff "manifested his assent to the License Agreement by 'clicking' the appropriate box"); *Riensche v. Cingular Wireless, LLC*, 2006 WL 3827477, at *2 (W.D. Wash. Dec. 27, 2006) (same).

Plaintiffs' reliance on *Burnett* fails. Unlike here, *Burnett* was a dispute between an *employee* and his *employer*. The employer gave the plaintiff an employment agreement, *which did not mention arbitration,* and directed him to sign it immediately. *Id.* at 43. The employee simultaneously received a separate 23-page handbook that he *did not* have an opportunity to read that, unbeknownst to him, included an arbitration provision buried under the heading "Mutual Fairness Benefits." The Washington Supreme Court held the parties did not agree to arbitrate because the employee had no notice of the arbitration provision when he signed the employment agreement. *Id.* at 63.

Here, in stark contrast, the Agreement Plaintiffs admit they executed included the arbitration clause now in dispute. The clause was not hidden, nor is there *any* evidence that Amos did not have the opportunity to read the Agreement or that she had any questions regarding its terms.

Amazon's right of modification does not make the arbitration agreement illusory or unenforceable. Plaintiffs ignore that in *Burnett* the Washington Supreme Court expressly declined to adopt this rule, even in the inapposite context of employment handbooks. *See* 196 Wash.2d at 54 n.4. Not only did

*Burnett* decline to hold that a right of unilateral modification renders an arbitration agreement unenforceable, it left intact existing law recognizing the validity of unilateral amendment terms. *Id.* at 52-53. This Court should decline Plaintiffs' invitation to make law.

Further, the Agreement has a severability clause. Thus, were the modification provision somehow unenforceable, it should be severed, and the pre-existing arbitration clause would still require arbitration of Plaintiffs' claims. *See Albaugh v. Perma-Bound*, 2009 WL 10676437, at *7 (W.D. Wash. Aug. 14, 2009) (under Washington law an unconscionable provision should be severed and the arbitration agreement enforced); *see also Zuver v. Airtouch Commc'ns, Inc.,* 153 Wash.2d 293, 320, 103 P.3d 753 (2004) (arbitration agreement is enforceable unless unconscionable provisions are pervasive). The unpublished decision of *Meier v. Stevens*, 17 Wash. App. 2d 1032 (2021), on which Plaintiffs also rely, is in accord. There, the Court enforced an arbitration clause in an employment agreement that gave the employer a right of modification.

**2. The Agreement Is Not Unconscionable.**

Neither procedural nor substantive unconscionability exist here.

Procedural unconscionability is directed to meaningful choice, as evaluated by three factors: (1) the manner in which the contract was entered, (2) whether the complaining party had a reasonable opportunity to understand

the terms, and (3) whether the important terms were hidden in fine print. *Nelson v. McGoldrick*, 127 Wash.2d 124, 131, 896 P.2d 1258 (1995). Here, KIRK had the benefit of Amos's legal training in electing to enter the Agreement, with its conspicuous arbitration clause. Given a meaningful choice to agree or reject the offer, KIRK accepted.

Plaintiffs also cannot meet the high bar for substantive unconscionability, which exists only where contract terms "[s]hock[] the conscience," are "monstrously harsh" or "exceedingly calloused." *Torgerson v. One Lincoln Tower, LLC*, 166 Wash.2d 510, 519, 210 P.3d 318 (2009).

Here, through simple language, the arbitration clause obligates both parties to resolve their disputes through arbitration, under well-known rules (AAA). Further, as discussed *supra,* Plaintiffs' argument that Amazon's right to modify makes the provision substantively unconscionable is unavailing given the severability clause.

**C. The Agreement Is Subject to Arbitration Under Washington Law and Delegates Arbitrability of Disputes to the Arbitrator.**

**1. The Agreement Provides for Arbitration Under Washington Law.**

In the same paragraph as the arbitration clause, the Agreement provides for the application of the FAA, federal law, ***and*** Washington state law. Agreement, §13. This Court must give effect to the Agreement's express inclusion of Washington law. Courts must give words their "ordinary, usual,

and popular meaning." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 504, 115 P.3d 262 (2005). "An interpretation of a contract that gives effect to all provisions is favored over an interpretation that renders a provision ineffective…." *Snohomish Cty. Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc.*, 173 Wash.2d 829, 840, 271 P.3d 850 (2012). Consistent with these settled principles, the Oregon Circuit Court recently construed the subject clause as requiring arbitration under Washington law. *See* Breaux Decl., Ex A.

Because Washington law provides an independent basis for arbitration, this court need not resolve the applicability of the FAA's transportation worker exemption. *See e.g., Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 295 (3d Cir. 2021) (court should resolve applicability of FAA exemption only if state law bars arbitration.). Indeed, courts have uniformly held that state law provides an independent basis for arbitration even if the transportation worker exemption applies.[1]

---

[1] As just a sample of the voluminous law on this point, *see e.g., Romero v. Watkins & Shepard Trucking, Inc.*, No. EDCV 19-2158 PSG(KKx), 2020 WL 5775180, at *8 (C.D. Cal. July 10, 2020), *aff'd*, No. 20-55768, 2021 WL 3675074 (9th Cir. Aug. 19, 2021), and *aff'd,* 9 F.4th 1097 (9th Cir. 2021) (compelling arbitration under Nevada state law where FAA exemption applied); *Palcko v. Airborne Express*, 372 F.3d 588, 595 (3d Cir. 2004) ("There is no language in the FAA that explicitly preempts the enforcement of state arbitration issues."); *Valdes v. Swift Transp. Co.*, 292 F. Supp. 2d 524, 527 (S.D.N.Y. 2003) (collecting cases).

Plaintiffs' reliance on *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374, 209 L. Ed. 2d 121 (2021) and *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 2794, 210 L. Ed. 2d 928 (2021), *reh'g denied*, 141 S. Ct. 2886, 210 L. Ed. 2d 1001 (2021), does not advance their case as those cases addressed a different contract with different terms. Indeed, *Rittman* and *Waithaka* merely confirm that the Agreement here does ***not*** preclude arbitration under state law. In both cases, the choice of law clause—as interpreted by the court—provided for the specific application of *only* the FAA and federal law to the arbitration clause. Here, the Agreement does not specify that the FAA governs the arbitration provision to the exclusion of Washington law. *See* Breaux Decl., Ex. A.

### 2. Plaintiffs' Allegations of "Employment" Do Not Preclude Arbitration.

That Plaintiffs ***allege*** they were employees of Amazon does not preclude enforcement of the arbitration clause in the Agreement.[2] Plaintiffs offer no

[2] Without authority, Plaintiffs ask this Court to interpret "employee" as used in WUAA by reference to a legal test applicable to federal FLSA claims. Washington courts look to dictionaries, not federal case law, to construe undefined terms. *State v. Mitchell*, 169 Wash.2d 437, 444, 237 P.3d 282 (2010) ("We may rely upon the dictionary when statutory terms are undefined."). According to dictionary definitions, an employee is "[a] **person** who works for another in return for compensation." AMERICAN HERITAGE DICTIONARY (4th ed.).

authority for their assertion that a business is an "employee" under any statute.

Regardless, Plaintiffs are wrong that Washington's Uniform Arbitration Act ("WUAA") precludes arbitration of claims arising under an employment agreement. Thus, even if the Court were to accept Plaintiffs' invitation to construe the business agreement by which KIRK and its 450 employees provided transportation services to Amazon as an employment agreement, RCW 7.04A.030(4), would not bar arbitration. The statute does not prohibit contractual arbitration of employment disputes when the parties choose to make such disputes arbitrable. *See Brooks v. Robert Larson Auto. Grp., Inc.*, 2009 WL 2853452, at *2 (W.D. Wash. Sept. 1, 2009) (RCW 7.04A.030(4) "is no prohibition of contractual arbitration of employment disputes"); *Bier v. Good Chevrolet, Inc.*, 200 Wash. App. 1027 (2017) (same); *Healy v. Seattle Rugby, LLC*, 15 Wash. App. 2d 539, 476 P.3d 583 (2020) (compelling arbitration of employment agreement under Washington law). *See also Palcko*, 372 F.3d at 596 (recognizing arbitrability of employment agreement under Washington law that was exempt from the FAA).

**3. The Arbitration Agreement Reserves Questions of Arbitrability for the Arbitrator.**

The parties delegated the issue of arbitrability to the arbitrator by expressly incorporating the AAA Commercial Arbitration Rules. Plaintiffs do

not dispute that the Agreement delegates the issue of arbitrability. Thus, once the Court recognizes that the arbitration clause is enforceable under Washington law, it must compel arbitration and let the arbitrator decide whether any of Plaintiffs' claims are beyond the scope of the parties' agreement to arbitrate. *See e.g., Woolley v. El Toro.com*, 2021 WL 1788526 at *3-*4 (Wash. App. Div. 1 May 3, 2021); *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013).

That Plaintiffs apparently bring some claims on behalf of both KIRK and Amos does not change the outcome. Plaintiffs plainly assert their claims of breach of the Agreement and related statutory claims on behalf of KIRK. *See e.g.,* Complaint, ¶214 (alleging "Amazon is liable to Amos [under FLSA], ***through Kirk Amos LLC***") (emphasis added). For any claims brought only by Amos, as discussed in Amazon's moving brief, Washington law prevents Plaintiffs, who seek to enforce their rights under the Agreement, from avoiding their obligation to arbitrate by bringing claims on behalf of Amos. *See David Terry Investments, LLC-PRC v. Headwaters Development Group LLC*, 13 Wash. App. 2d 159, 463 P.3d 117 (2020). An arbitrator must decide whether Plaintiffs can achieve in that forum the unusual, disfavored result of splitting claims into separate forums.[3]

[3] For the reasons discussed in Amazon's motion, the Arbitrator should readily find that all the asserted claims are subject to arbitration.

## D. The Transportation Worker Exemption Does Not Apply.

The FAA was enacted to further judicial enforcement of arbitration agreements. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001). Its broad coverage, which reaches any contract "evidencing a transaction involving commerce," is limited only by Section 1, which provides that the Act shall not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. §1. The purpose of the FAA "compel[s] that the §1 exclusion provision be afforded a **narrow** construction" such that it "exempts from the FAA only contracts of employment of transportation workers." *Circuit City*, 532 U.S. at 118-19 (emphasis added).

Plaintiffs ignore that the "narrow" exemption is directed only to "contracts of employment." Plaintiffs cite no case in which the exemption was found to apply to a contract executed by *business entities* rather than workers.

The only court to consider whether a commercial contract between business entities may constitute a "contract of employment" of a class of "transportation workers" rightly dismissed the argument.[4] In *R&C Oilfield*,

[4] Plaintiffs' argument regarding crossing state lines is irrelevant not only because the transportation worker exemption does not apply, but also because they misconstrue what it means to "engage[] in foreign or interstate commerce" for purposes of the statutory exemption. The clause creates a national standard and requires determining whether the work of a nationwide class of workers is intended to be local in nature versus interstate. *See, e.g., Wallace v. Grubhub*

447 F. Supp. 3d 339 (W.D. Pa. 2020), the plaintiff entity agreed to provide and operate semi-trucks for the purpose of hauling goods to and from the defendant's customers. The question before the court was "whether the Agreement in this case can be construed as one governing employment or, 'work by workers,' as in *New Prime*." *Id.* at 347. The court correctly determined that a "commercial contract between two business entities" could not be so construed:

> The Agreement in this case was between two businesses. It was an agreement by a vendor and a trucking company for the transport of the vendor's goods. Further, in no way can R & C claim that it—a small business—was an "employee" of American Wind. . . . The Agreement specifically contemplated that the work could be performed by third parties hired and selected by R & C. . . . ***The Agreement here is a commercial contract between two business entities. It cannot reasonably be construed as a contract of employment governing "work by workers."***

*Id.* (emphasis supplied).

The *R&C Oilfield* court concluded "[n]either the plain language of the FAA nor the Supreme Court's interpretation in *New Prime*, supports the extension of Section 1 of the FAA to commercial disputes brought by artificial business entities." *Id.* at 348.

---

*Holdings, Inc.*, 970 F.3d 798, 801 (7th Cir. 2020). Further, this issue currently is pending review by the United States Supreme Court in *Sw. Airlines Co. v. Saxon*, 993 F.3d 492 (7th Cir. 2021), *cert. granted*, No. 21-309, 2021 WL 5858631 (2021). To the extent this Court elects to reach the FAA issue, notwithstanding the application of Washington law, it should stay the proceedings pending the ruling in *Sw. Airlines*.

This analysis applies here. The Agreement is not a personal services contract. As in *R&C Oilfield*, KIRK is a **business entity** that entered into an arms-length commercial contract with Amazon. KIRK hired its own employees and *Plaintiffs* decided themselves which of their 450 employees to assign which routes. 2019 Agreement, §10.

If a transportation business could transform itself into a "transportation worker" by its owner simply assigning herself to perform work from time to time, all transportation businesses could escape otherwise binding contractual arbitration clauses at their election. This certainly was not the intent of the statutory "transportation worker" exemption or the explicitly narrow *New Prime* opinion.

## IV. CONCLUSION

Amazon's motion to compel arbitration should be granted.

DATED this 28th day of April, 2022.

Respectfully submitted,


SUMMIT LAW GROUP, PLLC

By */s/ Philip S. McCune*
By */s/ Diana S. Breaux*
Philip S. McCune, WSBA #21081
Diana S. Breaux, WSBA #46112
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
(206) 676-7000
*philm@summitlaw.com*
*dianab@summitlaw.com*

MORNINGSTAR LAW GROUP

By */s/ Christopher T. Graebe*
Christopher T. Graebe
NC Bar No. 17416
421 Fayetteville Street, Suite 530
Raleigh, NC 27601
(919) 863-9092
*cgraebe@mstarlaw.com*

Attorneys for Defendant Amazon Logistics, Inc.

**CERTIFICATE OF SERVICE AND WORD COUNT**

The undersigned hereby certifies that he has this day electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss or Compel Arbitration Pursuant to Fed. R. Civ. P. Rule 12(b)(3), which contains 3,101 words exclusive of certificates and caption, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all of the following who are registered as authorized e-filers with the Court, and for the non-registered parties, the undersigned certifies that he has mailed the foregoing Reply Memorandum in Support of Defendant's Motion to Dismiss or Compel Arbitration Pursuant to Fed. R. Civ. P. Rule 12(b)(3) by first-class mail, postage paid:

Jesse H. Rigsby, IV
Banks Law Firm, P.A.
4309 Emperor Blvd., Suite 110
Durham, NC 27703
*jrigsby@bankslawfirm.com*

Danielle Barbour Wilson
Banks Law Firm, P.A.
P.O. Box 14350
Research Triangle Park, NC 27709
*dwilson@bankslawfirm.com*

This the 28th day of April, 2022.

/s/ Christopher T. Graebe
Christopher T. Graebe, NCSB No. 17416
4350 Lassiter at North Hills Ave., Suite 375
Raleigh, North Carolina 27609
Telephone: 919-863-9092
Facsimile: 919-424-6407
Email: cgraebe@ghslawfirm.com