UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AHAJI AMOS and KIRK AMOS DELIVERY AND COURIER, LLC<br><br>      Plaintiffs,<br><br>  v.<br><br>AMAZON LOGISTICS, INC.,<br><br>      Defendant. | CASE NO. 1:22-cv-00055<br><br>DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND COMPEL ARBITRATION PURSUANT TO RULE 12(b)(3) |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................. 1

II. ARGUMENT ........................................................................................ 1

   A. *Coady*'s Facts and Law Are Inapposite. .............................................. 1

   B. Washington Law Requires the Agreement to Be Enforced. ............... 4

      1. The Agreement Is Not Illusory. ........................................................... 4

      2. Severability Is an Alternative Basis for Upholding the Arbitration Agreement. ......................................................................................... 7

III. CONCLUSION .................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Burnett v. Pagliacci Pizza, Inc.*,
 470 P.3d 486 (2020) ................................................................................ 7
*Cheek v. United Healthcare of Mid-Atl., Inc.*,
 835 A.2d 656 (Md. 2003) ........................................................................ 2
*Coady v. Nationwide Motor Sales Corp.*,
 ___ F.4th ___, 2022 WL 1207161 (4th Cir. 2022) ................................... 1
*Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*,
 No. 7966-8-1, 2019 WL 2750183 (Wash. App. July 1, 2019) ................. 4
*Ekin v. Amazon Servs., LLC*,
 No. C14-0244-JCC, 2015 WL 11233144 (W.D. Wash. Feb. 10, 2015) .......... 4
*Fagerstrom v. Amazon.com*,
 141 F. Supp. 3d 1051 (S.D. Cal. 2015) ................................................. 4, 6
*Holloman v. Circuit City Stores, Inc.*,
 162 Md. App. 332, 873 A.2d 1261 (2005) .............................................. 3
*Larsen v. Citibank FSB*,
 871 F.3d 1295 (11th Cir. 2017) ..................................................... 4, 5, 6, 8
*Mbongo v. Robinhood Markets, Inc.,714, SEPT. TERM, 2021*,
 2022 WL 621797 (Md. Ct. Spec. App. Mar. 3, 2022) ............................. 3
*Meier v. Stevens*,
 2021 WL 1691942 (Wash. App. Apr. 26, 2021) ...................................... 7
*Payne v. Amazon.com, Inc.*,
 2018 WL 4489275 (D.S.C. July 25, 2018) .............................................. 8
*Zuver v. Airtouch Comm'cns, Inc.*,
 103 P.3d 753 (Wash. 2004) ..................................................................... 8

## I. INTRODUCTION

In *Coady v. Nationwide Motor Sales Corp.*, ___ F.4th ___, 2022 WL 1207161 (4th Cir. 2022), the Fourth Circuit applied Maryland contract law to determine the enforceability of an arbitration clause in an employee handbook that permitted the employer to unilaterally modify the arbitration agreement *without any notice* to the employee. In stark contrast, this case calls for the application of Washington law to the arbitration agreement in a business-to-business contract that allows Amazon to propose new terms to govern the parties' relationship *with notice* and allows Plaintiffs to reject the proposal. Applying Washington law, numerous courts (including the Eleventh Circuit) have upheld similar "modification with notice" arbitration agreements in business contracts. *Coady*'s distinct facts and law have no application here.

## II. ARGUMENT

### A. *Coady*'s Facts and Law Are Inapposite.

The critical fact in *Coady* was that the employee handbook containing the contested arbitration clause gave the employer the unilateral right to "change, abolish or modify existing policies, procedures or benefits applicable to employees as it may deem necessary **with or without notice**."[1] *Id.* at *3. Under Maryland law, what made the contract illusory was the fact that the

---

[1] All emphasis is added unless stated otherwise.

1

employer could change it without notice. *Id.* at *3 ("Because the Modification Clause gives Nationwide the right to change or abolish those policies, procedures, and benefits without notice, the Arbitration Agreement is illusory **under Maryland law**." (*citing Cheek v. United Healthcare of Mid-Atl., Inc.,* 835 A.2d 656, 662 (Md. 2003))). Likewise, a "modify **without notice**" clause was also the reason that the Maryland Supreme Court invalidated the contract in *Cheek,* a holding the Fourth Circuit was bound to follow in *Coady*:

> Cheek is bound to arbitrate any disputes arising from the employment relationship, while United can revoke the policy at any time, for any reason, *without notice or consent*. Consequently, whether United chooses to exercise the option to revoke the policy or not begs the question, because it had not bound itself to a course of action.

*Cheek,* 835 A.2d at 669.

The Agreement at issue here contains no such "modify without notice" provision. The Agreement, which governs the terms by which business entity Kirk Amos, LLC ("KIRK") provides delivery services to Amazon, allows Amazon to propose a new agreement **with notice** to Plaintiffs, and allows Plaintiffs to accept the new agreement by continuing to work as an Amazon Delivery Service Partner ("DSP"). Dkt. 18-1, ¶ 14 ("2019 Agreement"). When Amazon proposed a modified form of the Agreement in 2020 (which did *not* modify the arbitration provision), it sent a summary email to Plaintiffs along with other DSPs notifying them of the changes. Supplemental Declaration of

2

Micah McCabe in Support of Defendant's Supplemental Brief ("McCabe Supp. Decl."), ¶ 3 & Ex. 1. Amazon's business records confirm that Plaintiffs received and opened the email summarizing the changes. *Id.*, ¶ 4. Thus, unlike in *Coady*, the Agreement requires notice when Amazon proposes changes to the terms of the parties' agreement, and Amazon has shown that it actually provided such notice.

Legally, *Coady* turned on the application of Maryland law, which has no role in this case. Washington law governs the interpretation of the arbitration agreement. 2019 Agreement, ¶ 13. *Coady* simply sheds no light on the state of Washington law. Moreover, *Coady* did not address whether—even under Maryland law—a contract that contains a "modify *with* notice" provision may render the contract illusory.[2] Nor is Amazon aware of any court ever having applied Washington law to hold that such a provision renders a contract illusory. In short, the legal analysis in *Coady* is wholly inapplicable.

---

[2] In fact, Maryland's intermediate appellate court recently held that a contract was not illusory where one party retained the right to unilaterally modify its terms because the contract also required the party to provide notice by posting the revised terms on its website. *Mbongo v. Robinhood Markets, Inc.*, 714, SEPT. TERM, 2021, 2022 WL 621797, at *7 (Md. Ct. Spec. App. Mar. 3, 2022) (citing *Holloman v. Circuit City Stores, Inc.*, 162 Md. App. 332, 340, 873 A.2d 1261, 1265 (2005), *aff'd*, 391 Md. 580, 894 A.2d 547 (2006) (holding arbitration agreement was not illusory where employer agreed to provide employee notice of modifications)).

3

## B. Washington Law Requires the Agreement to Be Enforced.

Applying Washington law, Amazon's right of modification does not render the arbitration agreement illusory. Even if it did, the Agreement has a severability clause that requires severance of the modification term to enforce the arbitration agreement.

### 1. The Agreement Is Not Illusory.

Under Washington law, a party's reservation of its right to amend the agreement does not render an arbitration agreement illusory or otherwise unenforceable. *See, e.g.*, *Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*, No. 7966-8-1, 2019 WL 2750183, *9 (Wash. App. July 1, 2019) (unpublished) (concluding a unilateral modification provision in an arbitration agreement that required notice to employees did not render it unconscionable); *Larsen v. Citibank FSB*, 871 F.3d 1295, 1320 (11th Cir. 2017) (unilateral right to amend with notice to customers did not render consumer arbitration agreement illusory under Washington law); *Fagerstrom v. Amazon.com*, 141 F. Supp. 3d 1051, 1062-67, 1071 (S.D. Cal. 2015) (unilateral right to amend did not render consumer arbitration agreement illusory under Washington law). Indeed, "neither Washington courts nor the Ninth Circuit have ever held an arbitration agreement unenforceable solely because it is in a contract that allows changes." *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2015 WL 11233144, at *3 (W.D. Wash. Feb. 10, 2015).

4

Unlike *Coady*, in *Larsen* the Eleventh Circuit applied Washington law and its analysis is instructive and applicable here. In *Larsen*, a consumer arbitration agreement allowed a bank to modify the parties' agreement with notice, including "by statement message or enclosure, letter, or as posted in the branch." 871 F.3d at 1320 n.19. In concluding that this provision did not render the arbitration agreement illusory, *Larsen* relied on two primary guiding principles of Washington contract law. *First*, "a contract is illusory only if it lacks all consideration and mutuality of obligation, *e.g.*, the promisor has no obligations with regard to *any* parts of the contract." *Id.* at 1320 (emphasis in original) (internal citations omitted). *Second*, "Washington courts rely on the implied duty of good faith and fair dealing to ensure mutuality of obligations where performance is discretionary." *Id.* Applying these principles, *Larsen* upheld the arbitration agreement. *Id.* In doing so, *Larsen* expressly rejected the plaintiffs' argument that the bank had unfettered control over the arbitration agreement and could revise it "at its whim," on the ground that the bank's obligation to give notice limited the bank's discretion to modify the agreement. *Id.*

The same result is required here. As Plaintiffs themselves maintain in the Complaint, Amazon provided consideration to Plaintiffs by, among other things, offering opportunities for Plaintiffs' business and its 450 employees to deliver packages and paying Plaintiffs for said deliveries. *See* Dkt. 1, ¶ 60

5

(Complaint) ("Amazon compensated Amos, through Kirk Amos LLC, for the transportation and delivery services she performed . . . ."). That is, the Agreement is not illusory because Plaintiffs cannot show that the Agreement "lacks all consideration and mutuality of obligation, *e.g.*, the promisor has no obligations with regard to *any* parts of the contract." *Larsen*, 871 F.3d at 1320 (emphasis in original) (cleaned up).

Notably, Amazon does not have an unfettered right to modify the Agreement. The Agreement requires Amazon to provide notice of any new Agreement terms; after receiving notice, Plaintiffs could reject them by ceasing work. 2019 Agreement, ¶ 14.[3] Here, Amazon provided clear notice to Plaintiffs when the Agreement changed in 2020. McCabe Supp. Decl., ¶ 3 & Ex. 1. Thus, as in *Larsen*, the arbitration agreement should stand.

Moreover, Plaintiffs do not dispute agreeing to arbitrate when they entered the 2019 Agreement.[4] As such, the facts here are far different from the employee handbook cases relied on by Plaintiffs in which the employee was not given notice of the existence of or modifications to an agreement to arbitrate.

---

[3] Amazon's right of modification also is subject to the implied covenant of good faith and fair dealing. *Fagerstrom*, 141 F. Supp. 3d at 1065-66.

[4] In fact, Plaintiffs twice agreed to arbitrate—first by executing the 2019 Agreement and then by continuing to perform services after receiving notice of the 2020 Agreement. 2019 Agreement, ¶13; Dkt. 18-1, ¶ 3 (McCabe Decl.); McCabe Supp. Decl., ¶¶ 3-4 & Ex. 1.

6

*Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 492 (2020) ("Burnett still had no knowledge of the arbitration provision terms when he signed the ERA."); *Meier v. Stevens*, 2021 WL 1691942, at *3 (Wash. App. Apr. 26, 2021) (unpublished) (holding an arbitration agreement cannot be rescinded via a handbook revision that does not mention arbitration). Tellingly, the *Burnett* court rejected *amici*'s request to rule—in the employee handbook context—that an employer's unfettered right to modify employee handbooks rendered illusory any included arbitration provision. *Burnett*, 470 P.3d 494 n.4. This Court should decline Plaintiffs' invitation to make new Washington law, and should instead join the numerous federal courts who have applied Washington law to uphold arbitration agreements like the one at bar.

As Plaintiffs specifically allege, "[t]he Program Agreement"—which contains the arbitration agreement—"was a valid and binding agreement." *See also id.*, ¶ 216 (Complaint). The Court should hold them to that correct position.

### 2. Severability Is an Alternative Basis for Upholding the Arbitration Agreement.

Even if this Court were to accept Plaintiffs' invitation to invalidate the arbitration agreement as illusory despite no Washington court ever so ruling, the proper outcome would be to sever Amazon's modification right, not to invalidate the arbitration agreement. Washington "[c]ourts are generally loath to upset the terms of an agreement and strive to give effect to the intent of the

7

parties." *Zuver v. Airtouch Comm'cns, Inc.*, 103 P.3d 753, 768-69 (Wash. 2004). "Consequently, when parties have agreed to a severability clause in an arbitration agreement, courts often strike the offending unconscionable provisions to preserve the contract's essential term of arbitration." *Id.*; *see also Larsen*, 871 F.3d at 1314 (observing that under Washington law "unconscionable terms are severed from the applicable agreement wherever possible").

Accordingly, numerous courts have relied on the severance of a modification clause as an alternative basis for enforcing arbitration agreements. *See, e.g.*, *Payne v. Amazon.com, Inc.*, 2018 WL 4489275 (D.S.C. July 25, 2018) ("[E]ven if the modification clause did make the Conditions of Use illusory, it could be severed from the rest of the contract to avoid invalidating it in its entirety."); *L.A. Fitness Int'l LLC v. Harding*, No. C09-5537-RJB, 2009 4545079, at *4 (W.D. Wash. Nov. 25, 2009) ("Even if the modification clause in Rule 19 were to be considered unconscionable, its application is not a question here; severability would be appropriate and the remainder of the contract should stand.").[5] This court can do the same.

---

[5] Even if the Court severs the right to modify the 2019 Agreement and therefore invalidates the 2020 revisions, that would not destroy the arbitration agreement. It would simply require reversion to the 2019 Agreement, which includes the same arbitration clause and to which Plaintiffs concede they assented. *See Larsen*, 871 F.3d at 1312 ("At most, his argument [regarding the

## III. CONCLUSION

The *Coady* decision applied Maryland law to analyze a materially different arbitration agreement than the one at bar. For those reasons, *Coady* does not impact this Court's analysis, and the Court should follow Washington contract principles to uphold the validity of the arbitration agreement.

DATED this 9th day of May, 2022.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

By */s/ Philip S. McCune*
By */s/ Diana S. Breaux*
   Philip S. McCune, WSBA #21081
   Diana S. Breaux, WSBA #46112
   315 Fifth Avenue S., Suite 1000
   Seattle, WA 98104-2682
   (206) 676-7000
   *philm@summitlaw.com*
   *dianab@summitlaw.com*

MORNINGSTAR LAW GROUP

By */s/ Christopher T. Graebe*
   Christopher T. Graebe
   NC Bar No. 17416
   421 Fayetteville Street, Suite 530
   Raleigh, NC 27601
   (919) 863-9092
   *cgraebe@mstarlaw.com*

Attorneys for Defendant Amazon Logistics, Inc.

---

conscionability of an amendment] would invalidate the 2004 amendment—not the agreement to arbitrate itself.").

9

# CERTIFICATE OF SERVICE AND WORD COUNT

The undersigned hereby certifies that he has this day electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss or Compel Arbitration Pursuant to Fed. R. Civ. P. Rule 12(b)(3), which contains 1,932 words exclusive of certificates and caption, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all of the following who are registered as authorized e-filers with the Court, and for the non-registered parties, the undersigned certifies that he has mailed the foregoing Reply Memorandum in Support of Defendant's Motion to Dismiss or Compel Arbitration Pursuant to Fed. R. Civ. P. Rule 12(b)(3) by first-class mail, postage paid:

> Jesse H. Rigsby, IV
> Banks Law Firm, P.A.
> 4309 Emperor Blvd., Suite 110
> Durham, NC 27703
> *jrigsby@bankslawfirm.com*
>
> Danielle Barbour Wilson
> Banks Law Firm, P.A.
> P.O. Box 14350
> Research Triangle Park, NC 27709
> *dwilson@bankslawfirm.com*

This the 9th day of May, 2022.

> /s/ *Christopher T. Graebe*
> Christopher T. Graebe, NCSB No. 17416
> 421 Fayetteville Street, Suite 530
> Raleigh, NC 27601
> Telephone: 919-863-9092
> Facsimile: 919-424-6407
> Email: *cgraebe@mstarlaw.com*