IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AHAJI AMOS and KIRK AMOS DELIVERY AND COURIER, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:22-CV-55 |
| AMAZON LOGISTICS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiffs, Ahaji Amos and Kirk Amos Delivery and Courier, LLC, have sued Amazon Logistics, Inc., asserting breach of contract and other causes of action arising from their business relationship with Amazon. Relying on an arbitration agreement in the contract, Amazon seeks to compel arbitration. Because Ms. Amos and Kirk contractually agreed to arbitrate their disputes, the motion to dismiss is granted and arbitration is compelled under applicable state law. Arguments that the contract as a whole is illusory, unconscionable, or was entered into under duress are properly decided by the arbitrator.

### I. Overview

Amazon Logistics, Inc., the defendant here, is responsible for the transport and delivery of goods to Amazon.com customers. Doc. 1 at ¶ 11. Amazon contracts with independently-owned delivery businesses, known as Delivery Service Partners or "DSPs," to service routes in a geographic area. Doc. 15 at ¶¶ 1, 3.

Kirk is a single-member North Carolina limited liability company owned and managed by Ms. Amos. Doc. 1 at ¶ 25. In May 2019, Ms. Amos electronically executed a Delivery Service Partner Program Agreement with Amazon on behalf of herself and Kirk; that contract governed Kirk's participation in the DSP Program. *Id.* at ¶ 27. The parties generally agree that the law of the state of Washington governs the contract. *See* Doc. 14 at 13; Doc. 20 at 2; Doc. 23 at 2. Amazon terminated the contract in April 2021. Doc. 1 at ¶ 29, Doc. 15 at ¶ 6.

Ms. Amos and Kirk have filed suit alleging willful violation of the Fair Labor Standards Act, violations of the Washington Franchise Investment Protection Act and the Illinois Franchise Disclosure Act of 1987, breach of contract, and various state law torts. *See* Doc. 1 at ¶¶ 195–294. Amazon moves to dismiss and compel arbitration, relying on an arbitration provision in the Program Agreement. *See* Doc. 15 at 9–10. Ms. Amos and Kirk resist arbitration, contending that Amazon has not proven an agreement to arbitrate, Doc. 23 at 1; that any such agreement is foreclosed by an exemption to the Federal Arbitration Act and an exemption under Washington law, Doc. 16 at 22–25; that the arbitration agreement is illusory, Doc. 20 at 3–5; and that the contract as a whole is not valid because it is unconscionable and was entered into under duress. Doc. 16 at 20–21.

## II.     Arbitration

To compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, a litigant must show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or

2

foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Adkins v. Lab. Ready, Inc.,* 303 F.3d 496, 500–01 (4th Cir. 2002) (cleaned up). Absent the interstate commerce element, the requirements under Washington law are similar: a litigant must show (1) a dispute between the parties; (2) an enforceable agreement to arbitrate covering the dispute, and (3) "another person's refusal to arbitrate pursuant to the agreement." Wash. Rev. Code § 7.04A.070(1); *see Marcus & Millichap Real Est. Inv. Servs. of Seattle, Inc. v. Yates, Wood & MacDonald, Inc.*, 369 P.3d 503, 507 (Wash. Ct. App. 2016).

There is a strong public policy favoring arbitration under both federal and Washington law. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 758 n.2 (Wash. 2004) (collecting cases). Regardless of whether the FAA or Washington law applies, the "analysis as to whether claims are subject to arbitration begins in the same manner." *Weiss v. Lonnquist*, 224 P.3d 787, 791 (Wash. Ct. App. 2009). Because "arbitration is a matter of contract, parties cannot be compelled to arbitrate unless they agreed to do so." *Id.*

### III. Agreement to Arbitrate

It is undisputed that the parties entered into a contract by which Kirk agreed to provide delivery services for Amazon. In her complaint, Ms. Amos alleges she signed a DSP "Program Agreement" in May 2019 and that this Program Agreement "was a valid and binding agreement" between Ms. Amos, Kirk, and Amazon. Doc. 1 at ¶¶ 27, 216. Ms. Amos and Kirk sued for breach of that contract, *id.* at ¶¶ 215–226, along with other claims arising under both state and federal law. *See id.* at ¶¶ 195–214, 227–294.

3

Amazon has filed the Program Agreement it says the parties signed in May 2019 and an amended agreement it says went into effect in February 2020. Doc. 18-1 at 2–7 (May 2019); Doc. 15 at 5–11 (February 2020).[1] Both contain the identical arbitration provision. *See* Doc. 18-1 at 6–7; Doc. 15 at 9–10. The plaintiffs have not filed a copy of any contract, saying they do not have a copy of the May 2019 agreement, *see generally* Docs. 16-1, 23-1, and questioning the sufficiency of Amazon's evidence authenticating the versions it presents. Doc. 23 at 1. Ms. Amos denies executing the February 2020 agreement or assenting to its terms. *See* Doc. 16-1 at ¶ 6; Doc. 23-1 at ¶ 5.

Generally, when a party unequivocally denies "that an arbitration agreement exists," and "shows sufficient facts in support" of that denial, the court must conduct a trial. *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019) (cleaned up). Ms. Amos has unequivocally denied that she signed or agreed to the February 2020 contract proffered by Amazon, but even assuming that is so, no trial is necessary. She has not unequivocally denied that the contract she admits she signed in May 2019 contained an arbitration agreement, nor has she unequivocally denied that she signed the May 2019 contract Amazon proffers, which contains an arbitration provision identical to the 2020 contract. She has not produced any evidence that the contract produced by Amazon is not the contract she signed in May 2019 or that the contract she signed did not have an arbitration provision.

---

[1] "Arbitration clauses are a subset of forum-selection clauses, which are enforced . . . pursuant to a Rule 12(b)(3) motion to dismiss for improper venue." *Grimes v. Gov't Emps. Ins. Co.*, No. 18-CV-798, 2019 WL 3425227, at *2 (M.D.N.C. July 30, 2019). Courts "may examine evidence outside the pleadings when considering the motion." *Id.*

4

Case 1:22-cv-00055-CCE-JEP   Document 25   Filed 06/16/22   Page 4 of 10

Amazon has filed a declaration from a competent witness attesting that the parties entered into a DSP Program Agreement on May 16, 2019, Doc. 18 at ¶ 3, and attaching a copy of that agreement. Doc. 18-1. Amazon also included a "screenshot of [the plaintiff's] onboarding report" in its declaration which shows "Kirk Amos Delivery and Courier LLC" electronically signed the Program Agreement on May 16, 2019. Doc. 18 at ¶ 3. Ms. Amos and Kirk have not affirmatively and unequivocally denied that an arbitration agreement exists; rather, they simply say they do not know if the contract produced by Amazon is an accurate copy of the contract. Nor have they produced any evidence at all to show that the copy proffered by Amazon is not the contract governing the relationship between the parties or that the applicable contract did not contain an agreement to arbitrate.

In the absence of an unequivocal denial "that an arbitration agreement exists," and with no evidence supporting its contention that Amazon has not produced an accurate copy of the agreement, no trial is required. *See Berkeley Cnty. Sch. Dist.*, 944 F.3d at 234; *see generally Marcus & Millichap*, 369 P.3d at 506 (quoting with approval a Colorado case holding that "an evidentiary hearing only is necessary if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence") (cleaned up). Based on the uncontroverted evidence, the Court finds that the parties entered into an agreement to arbitrate their disputes.

The arbitration clause is broad. It is undisputed that the agreement covers the dispute at hand, and the Court so finds. It is also undisputed that the plaintiffs have refused to arbitrate, as shown by their filing of this lawsuit and opposition to the pending

5

Case 1:22-cv-00055-CCE-JEP   Document 25   Filed 06/16/22   Page 5 of 10

motion. The agreement to arbitrate is thus enforceable under Washington law, nothing else appearing. The interstate commerce element is undisputed, so the arbitration agreement is also enforceable under the FAA, absent an exemption.

## IV. State Law

The contract provides that "[t]his agreement is governed by the United States Federal Arbitration Act, applicable US federal law, and Washington state law, without reference to any applicable conflict of laws rules," Doc. 18-1 at 6, and the parties have briefed the case accordingly. Arbitration in Washington is governed by the Washington Uniform Arbitration Act. *See* Wash. Rev. Code. § 7.04A; *see also Rimov v. Schultz*, 253 P.3d 462, 465 (Wash. Ct. App. 2011). Ms. Amos and Kirk contend that the Washington statute does not apply to employer/employee contracts, Doc. 16 at 25–26, that the arbitration agreement is illusory, Doc. 20 at 3; that the Program Agreement is unconscionable in its entirety; and the plaintiffs acted under duress when they did not terminate the contracts. *Id.* at 3–4, 6; Doc. 16 at 20–21.

### A. Worker/Employee Exception

While the plaintiffs are correct that the Washington Uniform Arbitration Act does not generally apply to arbitration agreements between employers and employees, *see* Wash. Rev. Code. Ann. § 7.04A.030(4), the Washington Supreme Court has held that the Act does not prohibit employers and employees from agreeing to apply the Act. *See Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 491 n.1 (Wash. 2020) (citing *Dep't of Soc. & Health Servs. v. State Pers. Bd.*, 812 P.2d 500, 503–04 (Wash. Ct. App. 1991) (addressing the equivalent provision under the prior act)); *Brooks v. Robert Larson Auto.*

6

*Grp., Inc.*, No. C09-5016, 2009 WL 2853452, at *2 (W.D. Wash. Sept. 1, 2009). Thus, the WUAA "is no prohibition on contractual arbitration of employment disputes[.]" *Brooks*, 2009 WL 2853452, at *2; *see Bier v. Good Chevrolet, Inc.*, No. 75733-4, 2017 WL 3600567, at *5 (Wash. Ct. App. 2017).

Ms. Amos, Kirk, and Amazon explicitly agreed to arbitrate their disputes and explicitly agreed that Washington state law would apply. *See* Doc. 18-1 at 6. Thus, the Washington law exception does not apply, even assuming the contract can be characterized as "between employers and employees." Wash. Rev. Code. Ann. § 7.04A.030(4).

### B. Illusory

Ms. Amos and Kirk contend that the arbitration provision is not enforceable under Washington law because Amazon could modify the provision unilaterally, making the agreement illusory. Doc. 20 at 1; Doc. 16 at 20. But the contract here required Amazon to give notice of any changes by posting a revised version in Kirk's online portal or by otherwise providing notice, Doc. 18-1 at 7, and Ms. Amos and Kirk had the right to stop providing services if they did not agree to the changes. *Id.*; *see, e.g.*, *Larsen v. Citibank FSB*, 871 F.3d 1295, 1320–21 (11th Cir. 2017) (holding a unilateral right to amend with notice to customers did not render consumer arbitration agreement illusory under Washington law); *Fagerstrom v. Amazon.com*, 141 F. Supp. 3d 1051, 1062–67 (S.D. Cal. 2015) (holding a unilateral right to amend did not render consumer arbitration agreement illusory under Washington law). Thus, the arbitration provision is not illusory under Washington law.

7

Ms. Amos and Kirk also contend that the 2020 Program Agreement is not valid and enforceable because they did not receive reasonable notice of the program changes as required under Washington law. Doc. 23 at 2–3. Here, however, the Court is applying the arbitration provision in the contract signed by the parties in 2019, *see* discussion *supra*, and in any event the arbitration provision is identical. To the extent the 2020 contract is substantively different from the agreement signed in 2019, the plaintiffs can make their argument to the arbitrator.

### C. Unconscionability and Duress

Ms. Amos and Kirk contend that the Program Agreement is unconscionable because there was unequal bargaining power and a lack of meaningful choice. Doc. 16 at 21. They also say they were acting under duress when they continued to provide services to Amazon after Amazon made unilateral changes to the Program Agreement because the termination provisions were so oppressive as to constitute coercion. Doc. 20 at 6.

While ordinary contract defenses such as unconscionability and duress may invalidate arbitration agreements under Washington law, *see McKee v. AT&T Corp.*, 191 P.3d 845, 851 (Wash. 2008), courts decide the issue only if the challenge is made explicitly to the arbitration provision; when a litigant challenges the validity of the contract as a whole, the arbitrator will decide the issue. *See Townsend v. Quadrant Corp.*, 268 P.3d 917, 921–22 (Wash. 2012); Wash. Rev. Code. § 7.04A.060(3) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable."); *see generally Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–45 (2006).

8

Courts will resolve the dispute only if the litigant contends the arbitration provision itself is invalid, not when the challenge is directed to the contract as a whole. *See Townsend*, 268 P.3d at 921–22.

The Washington Supreme Court's decision in *Burnett*, on which the plaintiffs rely, is distinguishable, and indeed supports this view. In *Burnett*, the Washington Supreme Court analyzed whether the plaintiff assented to the arbitration agreement, 470 P.3d at 491, and whether the arbitration agreement was unconscionable. *Id.* at 494–97. The court discussed these arguments because the plaintiff challenged the arbitration provision specifically; the plaintiff in *Burnett* was not challenging the entirety of the contract. *See id.* at 489, 491 (noting that the plaintiff argued he never assented to the Mandatory Arbitration Policy in an employee handbook), and at 494 (the plaintiff "argues . . . the arbitration agreement is both procedurally and substantively unconscionable"); *see also Hill v. Garda CL Nw., Inc.*, 308 P.3d 635, 638–39 (Wash. 2013) (evaluating unconscionability of an arbitration clause).

Because Ms. Amos and Kirk are challenging the Program Agreement as unconscionable in its entirety, *see* Doc. 16 at 21, and make no argument that the arbitration provision itself is unconscionable, this issue is for the arbitrator. *See Townsend*, 268 P.3d at 921–22; *Buckeye*, 546 U.S. at 444–45. The same is true for their argument that the entire 2020 agreement was entered into under duress. *See* Doc. 20 at 6.

## V. The FAA Transportation Worker Exemption

The plaintiffs contend that the arbitration provision is not enforceable under the Federal Arbitration Act, which excludes enforcement of arbitration agreements made

9

with transportation workers. 9 U.S.C. § 1. The Court need not resolve this issue because even if the FAA exemption applies, an arbitration provision may still be enforceable under state law. *See Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 295 (3d Cir. 2021); *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1472 (D.C. Cir. 1997); *Omni Tech Corp. v. MPC Sols. Sales, LLC*, 432 F.3d 797, 800–801 (7th Cir. 2005); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 596 (3d Cir. 2004). In light of its resolution of the state law questions, the Court declines to address this argument.

## VI. Conclusion

The Court finds as fact that the parties entered into an agreement to arbitrate that covers the dispute at hand. There is no contention that the arbitration provision in the 2019 contract is itself unconscionable or was entered into under duress; the arbitrator can decide whether the contract as a whole is unconscionable and whether the plaintiffs continued the contract under duress. Because the agreement to arbitrate is enforceable under applicable state law, the Court need not decide whether the FAA's transportation worker exemption applies.

Amazon's motion to dismiss and compel arbitration will be granted.

It is **ORDERED** that the defendant's motion to dismiss and compel arbitration, Doc. 13, is **GRANTED**. Judgment will be entered separately as time permits.

This the 16th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE